UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW KELLER,<br><br>         Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>         Defendant. | Case No.: 22-CV-707-WVG<br><br>**ORDER ON PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS** |

  Plaintiff files for leave to proceed in forma pauperis on the Complaint ("IFP Motion"). (Doc. No. 2.) The Court reviews Plaintiff's complaint under 28 U.S.C. section 1915(e), as required when a plaintiff files a motion to proceed in forma pauperis. The Court finds the Complaint sufficiently states a claim for relief. Thus, the Court GRANTS Plaintiff's IFP Motion.

### I. MOTION FOR IFP

  Plaintiff moves to proceed IFP under 28 U.S.C. section 1915. All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if

the plaintiff is granted leave to proceed IFP under 28 U.S.C. section 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). All actions sought to be filed IFP under section 1915 must be accompanied by an affidavit, signed by the applicant under penalty of perjury, that includes a statement of all assets which shows inability to pay initial fees or give security. Civ. L.R. 3.2.a.

Plaintiff's IFP motion indicates Plaintiff receives $0 per month in public assistance, $100 per month in food stamps, and $0 from employment. Plaintiff's IFP motion also indicates Plaintiff's expenses add up to $680 per month.  He also states he has not been employed within the past 12 months and has no assets.  The Court finds that Plaintiff has sufficiently shown an inability to pay the filing fee.

## II.     SCREENING UNDER 28 U.S.C. section 1915(e)

Under 28 U.S.C. section 1915(e)(2), when reviewing an IFP motion, the Court must rule on its own motion to dismiss before the complaint is served. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.") The Court must dismiss the complaint if it is frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (noting 28 U.S.C. § 1915(e)(2)(B) is "not limited to prisoners"); *Lopez*, 203 F.3d at 1127 ("[§] 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim.").

Social security appeals are not exempt from the section 1915(e) screening requirement. *Hoagland v. Astrue*, No. 12CV973-SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012); *see also Lopez*, 203 F.3d at 1129 ("section 1915(e) applies to all in forma pauperis complaints."). "Every plaintiff appealing an adverse decision of the Commissioner believes that the Commissioner was wrong." *Hoagland*, 2012 WL 2521753, at *3. "A complaint merely stating that the Commissioner's decision was wrong is plainly insufficient to satisfy a plaintiff's pleading requirement." *Schwei v. Colvin*, 2015 WL

3630961, at *2 (D. Nev. June 9, 2015). Instead, "[a] complaint appealing the Commissioner's denial of disability benefits must set forth a brief statement of facts setting forth the reasons why the Commissioner's decision was wrong." *Hoagland*, 2012 WL 2521753, at *2 (collecting cases) (emphasis added).

Based on the Court's review of the Complaint, the Court finds Plaintiff has sufficiently but barely satisfied the minimal pleading standards above by stating points of error she assigns to the ALJ. (See Doc. No. 1, ¶ 7.)

### III.   CONCLUSION

Plaintiff's motion to proceed IFP is GRANTED.

**IT IS SO ORDERED.**

DATED:  June 2, 2022

Hon. William V. Gallo
United States Magistrate Judge